IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES ROY COOKSEY | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No: 1:23-CV-341 |
| | § | |
| PORT ARTHUR POLICE DEPARTMENT, | § | |
| et. al. | § | |
|     Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

**I. Background**

On September 8, 2023, Plaintiff, proceeding *pro se*, filed this instant action and another lawsuit (1:23-cv-342) against largely the same Defendants. (Doc. #2.) In both suits, Plaintiff reasserts claims from a prior 2016 lawsuit (1:16-cv-67) alleging that the various defendants are working together to control his mind, invade his property, and generally harass him. Plaintiff's 2016 lawsuit was dismissed with prejudice under 28 U.S.C. §1915(e)(2) on July 19, 2016. Adopting Report and Recommendation, *Cooksey v. Cooksey, et al.*, No. 1:16-CV-67 (E.D. Tex. July 19, 2016) (Doc. #52.) Due to the nearly identical nature of both 2023 suits, the court consolidated 1:23-cv-342 into this case on November 14, 2023. (Doc. #8.) The current suit explicitly aims to relitigate the 2016 case, as Plaintiff believes he was ill-prepared to litigate his claims in 2016 and that Magistrate Judge Giblin "abandoned federal law." (Doc. #2 at 5, 19.)

Only one defendant has made an appearance in this case. Defendant Zeitler filed his answer on December 4, 2023, and on December 12, 2023, he filed a motion for judgment on the pleadings. (Docs. #9, #12.) Plaintiff has not filed a response to that motion and the time to do so has passed. Plaintiff has filed a motion for a protective order and mediation hearing (doc. #6), a motion to amend his pleadings to add the State of Texas as a defendant (doc. #13), and a motion for default judgment (doc. #14). Defendant Zeitler filed responses to the motion to amend and the motion for default judgment. (Docs. #16, #17.) Plaintiff filed a reply in favor of his motion for default judgment. (Doc. #18.) All matters are ripe for review.

**II. Legal Standard**

   A. <u>Res Judicata</u>

*Res judicata* "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citing *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). *Res judicata* applies when "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.*; *McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 265 (5th Cir. 2018). Generally, *res judicata* must be pled as an affirmative defense. *See* FED. R. CIV. P. 8(c)(1). Two limited exceptions to this rule exist. The first exception permits "[d]ismissal by the court sua sponte on res judicata grounds ... in the interest of judicial economy where both actions were brought before the same court." *McIntyre*, 754 F. App'x at 264 (citing *Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269, 281 (5th Cir. 2001); *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980)). The second exception applies "where all of the relevant facts are contained in the record ... and all are uncontroverted." *McIntyre*,

754 F. App'x at 264 (citing *Am. Furniture Co. v. Int'l Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. 1981)).

B. <u>Standing</u>

Federal courts are "courts of limited subject matter jurisdiction." *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir 2022). Article III of the U.S. Constitution limits the authority of federal courts to "live cases and controversies." *Yarls v. Bunton*, 905 F.3d 905, 912 (5th Cir. 2018); see U.S. CONST. art. III, § 2, cl. 1; *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 831-32 (5th Cir. 2023). There is no live case or controversy when a plaintiff does not have standing to bring a claim. *Perez*, 45 F.4th at 821. To have standing, a plaintiff must for each claim "show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* (quoting *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (quotation omitted)). Federal courts "have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Williams v. Bexar Cnty. Dist. Att'y's Off.*, No. SA-22-CV-00257-JKP, 2022 WL 2873466, at *2 (W.D. Tex. July 21, 2022) (quoting *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985)).

C. <u>Judgment on the Pleadings</u>

Under Rule 12(c), motion for judgment on the pleadings, a party is allowed to move for dismissal after the pleadings are closed—but early enough not to delay trial. FED. R. CIV. P. 12(c). "The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). To survive a 12(c) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S.

3

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to meet this standard." *Id.*

Rule 12(c) must be read in tandem with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); see *Iqbal*, 556 U.S. at 677-78; *Twombly*, 550 U.S. at 555. To decide whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210. However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. The inquiry focuses on the allegations in the pleadings and not on whether the plaintiff has sufficient evidence to succeed on the merits. *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

Proceeding *pro se*, Plaintiff's pleadings are necessarily held to "less stringent standards than formal pleadings drafted by lawyers," and are liberally construed by the court. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

**III. Discussions**

    A. <u>Plaintiff's Claims against Several of the Defendants are Barred by Res Judicata</u>

Before addressing the motions before the court, the undersigned will first address Plaintiff's claims against Defendants Port Arthur Police Department, Alda Vallestero Yana Seguir, Andrew Seguir, and Frederich Bernard Whitaker. Plaintiff has previously brought suit against

these four Defendants, among others, in this court in 2016.[1]  Complaint, *Cooksey v. Cooksey, et al.*, No. 1:16-CV-67 (E.D. Tex. July 19, 2016) (Doc. #1.)  The court had proper jurisdiction over the case in 2016.  Furthermore, the court's dismissal of Plaintiffs claims with prejudice under 28 U.S.C. §1915(e)(2) was a "final judgment on the merits."  Adopting Report and Recommendation, *Cooksey v. Cooksey, et al.*, No. 1:16-CV-67 (E.D. Tex. July 19, 2016) (Doc. #52); *Brooks v. Raymond Dugat Co. L C*, 336 F.3d 360, 362 (5th Cir. 2003) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 129–130 (5th Cir.1985)) ("A dismissal with prejudice is a final judgment on the merits.").  Finally, the claims against the aforementioned defendants are either the exact claims asserted in the 2016 suit or arose out of the same events.[2]  This satisfies the fourth prong of *res judicata* that "the same claim or cause of action was involved in both actions." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395–96 (5th Cir. 2004) (holding that the Fifth Circuit applies a "transactional test" for the fourth prong of *res judficata* that looks at whether the prior judgment extended Plaintiff's rights "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose").

The undersigned, therefore, recommends dismissing *sua sponte* Plaintiff's claims against Defendants Port Arthur Police Department, Alda Vallestero Yana Seguir, Andrew Seguir, and Frederich Bernard Whitaker under the doctrine of *res judicata*.

---

[1] In his 2016 lawsuit, Plaintiff filed claims against Port Arthur Police Department Detective D. Johnson in his official capacity.  Amended Complaint at 4, *Cooksey v. Cooksey, et al.*, No. 1:16-CV-67 (E.D. Tex. July 19, 2016) (Doc. #9.)  Claims against a government employee in their official capacity "represent only another way of pleading an action" against their employer. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n55 (1978).  Accordingly, Plaintiff's 2016 claims against D. Johnson were also claims against Port Arthur Police Department.

[2] Plaintiff's complaint is unclear and difficult to understand, as he does not specify the timeline of when his claims arose.  After thorough review of the pleadings, the undersigned finds that the Plaintiff's currents claims against Defendants Port Arthur Police Department, Alda Vallestero Yana Seguir, Andrew Seguir, and Frederich Bernard Whitaker arise from the same events as the 2016 suit.  In fact, Plaintiff states that in his opinion "[t]he recommendation for dismissal in 1:16-cv-000676 was not ripe" and that the "matter is now ripe for judicial review."  Amended Complaint at 12, *Cooksey v. Seguir, et al.*, No. 1:23-CV-342 (E.D. Tex. Sept. 29, 2023) (Doc. #2.)  This is an admission that the cases are the same.  The claims were not dismissed in 2016 because they were not ripe.

B. <u>Plaintiff's Motion for Leave to Add Texas as a Defendant is Denied</u>

On January 5, 2024, Plaintiff filed a motion for leave to amend his pleadings (doc. #13) to add the State of Texas. Plaintiff argues that because an Assistant Attorney General represents Defendant Zeitler, who Plaintiff admits is a government employee, Texas is attempting "to deprive the Plaintiff of rights secured by the U.S. Constitution." Defendant Zeitler filed a response on January 18, 2024. (Doc. #16.)

Leave to amend to add futile claims should be denied. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (noting leave to amend to cure deficiencies in pleadings be freely granted unless amendments would be futile). Here, the undersigned finds Plaintiff's motion for leave to be futile for two reasons. First, Texas was a Defendant in Plaintiff's 2016 case, meaning any claims arising from the same transaction of that case are barred by *res judicata*. *See supra* Section II.A. Second, to the extent Plaintiff brings claims against Texas unrelated to his 2016 claims, he fails to allege any facts and specify which of his constitutional rights have been violated. Accordingly, Plaintiff's motion for leave to amend his pleadings (doc. #13) is denied.

C. <u>Plaintiff Lacks Standing to Sue Defendant Bales</u>

Plaintiff alleges that Defendant Bales violated federal immigration law under 8 U.S.C. §1373 and 8 U.S.C. §1644 by failing deport his ex-wife and ex-stepson. (Doc. #2 at 7.) Neither of these statutes appear relevant to Plaintiff's claims against Defendant Bales, nor does either purport to provide a private cause of action. 8 U.S.C. §1373; 8 U.S.C. §1644. While a court should liberally construe a *pro se* Plaintiff's pleading, it is not required "to search for or try to create causes of actions." *Berry v. LoanCity*, 489 F. Supp. 3d 441, 447 (M.D. La. 2020) (collecting case). Plaintiff, therefore, does not have standing to sue Defendant Bales even after a liberal reading of the pleadings. These claims should be dismissed without prejudice.

D.  <u>Plaintiff Lacks Standing to Sue Defendant Defense Intelligence Agency</u>

Plaintiff asserts claims for compensatory and punitive damages against Defendant Defense Intelligence Agency.  Amended Complaint at 19, *Cooksey v. Seguir, et al.*, No. 1:23-CV-342 (E.D. Tex. Sept. 29, 2023) (Doc. #2.)  Plaintiff has no standing to sue a federal agency for monetary damages without properly pleading the agency has waived sovereign immunity.  *FDIC v. Meyer*, 510 U.S. 471 (1994); *see also Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982) ("An individual cannot sue the United States without its consent."); *see, e.g.*, *Laster v. Boyle*, No. 3:21-CV-2525-D (BT), 2022 WL 4086782, at *4 (N.D. Tex. Aug. 4, 2022), *R&R adopted*, No. 3:21-CV-2525-D, 2022 WL 4084429 (N.D. Tex. Sept. 6, 2022) (finding Plaintiff had no standing to sue the FBI for money damages absent of waiver of sovereign immunity by the FBI).  Accordingly, Plaintiff's claims against the Defense Intelligence Agency should be dismissed.

E.  <u>Defendant Zeitler's Motion for Judgment on the Pleadings Should be Granted</u>

In his Motion for Judgment on the Pleadings, Defendant Zeitler argues (1) that Plaintiff's allegations against him are conclusory and do not explain how Dr. Zeitler violated Plaintiff's constitutional rights or inflicted emotional distress on Plaintiff, (2) Plaintiff's claims are barred by collateral estoppel, and (3) Plaintiff's claims are barred by the stature of limitations.  (Doc. #12.)

To survive a 12(c) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to meet this standard."  *Id.*  Here, Plaintiff makes a series of conclusory statements about Defendant Zeitler being the conspiratorial mastermind behind the other defendants' actions against him, but he does not explain how any actions of Defendant Zeitler implicate his rights.  For example, Plaintiff alleges that Zeitler "solicited Aida to commit a federal crime" and "is the primary conspirator in this scheme to use the internet to commit a federal crime

7

of violence." (Doc. #2 at 7.) These legal conclusions, masquerading as factual allegations, merit dismissal under Rule 12(c). *Easter v. Caldwell*, No. CIV.A. 14-0967, 2015 WL 6506176, at *2 (W.D. La. Oct. 27, 2015) (noting that "courts are not required to accept the veracity of legal conclusions framed as factual allegations").

The court should dismiss the claims against Defendant Zeitler under Rule 12(c). Any request for leave to amend Plaintiff's complaint to reassert these claims should be denied for two reasons. First, this lawsuit is Plaintiff's second bite at the apple. Over seven years after filing his 2016 suit, Plaintiff now asserts functionally the same claims, adding Dr. Zeitler as a defendant. Moreover, Plaintiff's claims are no less fanciful, delusional, and frivolous than they were when they were alleged in 2016. Second, Defendant Zeitler filed the instant motion on December 22, 2023. Plaintiff has not responded to the motion and the time to do so has passed. Meanwhile, Plaintiff was demonstrated his ability to file with the court, filing two motions and even a reply. (Docs. #13, #14, #19.) Accordingly, the time has passed for Plaintiff to amend his claims against Defendant Zeitler.

    F.   <u>The Court Lacks Jurisdiction Over Plaintiff's Claims Against Defendant Barbaso</u>

Plaintiff's only remaining claims are those against Defendant Barbaso. While Plaintiff asserts Defendant Barbaso "chose to become a state actor and is legally responsible for his illegal acts against the Plaintiff," the undersigned cannot identify any federal claims against Defendant Barbaso. Amended Complaint at 9, *Cooksey v. Seguir, et al.*, No. 1:23-CV-342 (E.D. Tex. Sept. 29, 2023) (Doc. #2.) Plaintiff does, however, assert state law claims as he "believes [Defendant Barbaso] to be responsible for the destruction of the bricks of [Plaintiff's] personal residence." *Id.* The undersigned recommends dismissing these claims because the court lacks subject matter jurisdiction over the state law claims.

Federal statutes provide federal courts with three types of subject matter jurisdiction: (1) federal question jurisdiction, 28 U.S.C. §1331, (2) diversity jurisdiction, 28 U.S.C. §1332, (3) supplemental jurisdiction, 28 U.S.C. §1367. Plaintiff's state law claims do not present a question of federal law, nor does Plaintiff allege the necessary facts to establish federal diversity jurisdiction over Defendant Barbaso. The court initially may have had supplemental jurisdiction over Plaintiff's state law claims if those claims arose from "same case or controversy" as Plaintiff's many federal claims against the various defendants. 28 U.S.C. §1367. However, federal statute provides that district courts may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c).

As the undersigned recommends dismissing Plaintiff's federal, the court has discretion to dismiss Plaintiff's state law claims. After the anchor claims are dismissed, the general rule in the Fifth Circuit is for the court to dismiss claims based on supplemental jurisdiction. *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011); *Carney v. New Orleans City*, 468 F. Supp. 3d 751, 768 (E.D. La. 2020). The undersigned finds no reason to depart from this general rule.

### IV. Recommendations

For the foregoing reasons, Plaintiff's claims against Defendants Port Arthur Police Department, Alda Vallestero Yana Seguir, Andrew Seguir, and Frederich Bernard Whitaker should be **DISMISSED** as *res judicata*, Plaintiff's claims against Defendants John Bales and Defense Intelligence Agency should be **DISMISSED** for lack of standing, Defendant Irving Zeitler's Motion for Judgment on the Pleadings (doc. #12) should be **GRANTED** and Plaintiff's claims against Defendant Zeitler should be **DISMISSED** with prejudice, and Plaintiff's claims against Defendant Ralf Barbaso should be **DISMISSED** for lack of subject matter jurisdiction. Plaintiff's motion for leave to amend (doc. #13) is **DENIED** and any other potential requests to

amend his pleadings should be **DENIED** as Plaintiff's claims are too fanciful to warrant encouragement through futile amendments.

### V. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Without leave of court, objections are limited to **eight (8) pages**. E.D. TEX. LOC. R. CV-72(c).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 12th day of February, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE