IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES ROY COOKSEY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No: 1:23-CV-341-MJT-CLS |
| | § | |
| PORT ARTHUR POLICE DEPARTMENT, | § | |
| et al., | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM ORDER OVERRULING
PLAINTIFFS' OBJECTIONS AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE [Dkt. 19]**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the District Court referred this proceeding to the Honorable Christine L. Stetson to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

On February 12, 2024, Judge Stetson issued a Report and Recommendation [Dkt. 19] with the following conclusions and recommendations: (1) Plaintiff's claims against Defendants Port Arthur Police Department, Alda Vallestero Yana Seguir, Andrew Seguir, and Frederich Whitaker should be dismissed as *res judicata*, (2) Plaintiff's claims against Defendants John Bales and Defense Intelligence Agency should be dismissed for lack of standing, (3) Defendant Zeitler's Motion for Judgment on the Pleadings [Dkt. 12] should be granted, (4) Plaintiff's claims against Ralf Barbaso should be dismissed for lack of subject matter jurisdiction, and (5) Plaintiff's request for leave to amend should be denied.

## I. Plaintiffs' Objections to the Report and Recommendation are Overruled

On February 22, 2024, Plaintiff filed timely objections to the Report and Recommendation [Dkt. 19]. These objections are eighteen pages, while the local rules of this Court limit objections to eight pages. E.D. TEX. LOC. R. CV-72(c). Rather than striking this filing for failing to comply with the local rules, the Court will proceed to address *pro se* Plaintiff's objections.

### A. Legal Standard

A party who timely files specific, written objections to a magistrate judge's Report and Recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

### B. Discussion

Plaintiff's objections are somewhat disorganized and often non-responsive to the magistrate judge's Report and Recommendation. For example, Plaintiff spends a large portion of his objections discussing his standing to bring claims against Alda Vallestero Yana Seguir, Andrew Seguir, and Frederich Whitaker, the court's equitable power, and various statutes he alleges are causes of actions applicable to his claims. The Court needs not address these arguments as they are not specific objections to the Report and Recommendation [Dkt. 19].

After thorough review of the filing, the Court finds that Plaintiff has discernably objected in the following ways: Plaintiff alleges (1) Judge Stetson "determine[d], unilaterally" issues in this case in violation of 28 U.S.C. §636(b)(1)(A), (2) that Port Arthur Police Department is not a Defendant, (3) that Judge Stetson incorrectly noted that Plaintiff believed Defendants are "working together to control his mind," (4) that Judge Stetson allegedly erred by failing to exclude filings from Defendant Zeitler, (5) that Judge Stetson allegedly erred by applying *res judicata* doctrine *sua sponte*, (6) that Judge Stetson allegedly erred by finding Plaintiff's claims were barred by *res judicata* doctrine, and (7) that Judge Stetson did not address his RICO claim. The Court will address each argument in turn.

i. *Judge Stetson Entered a Report and Recommendation*

Under 28 U.S.C. §636(b)(1), a district judge may designate a magistrate judge to conduct pre-trial matters, which includes recommending the disposition of dispositive motions and screening for jurisdiction. 28. U.S.C. §636(b); *see, e.g.*, *Bell v. Lifestyle Lift*, No. 3:09-CV-0545-B, 2009 WL 1748023, at *2 (N.D. Tex. June 18, 2009) (adopting the recommendation of a magistrate judge that a plaintiff's claims be dismissed *sua sponte* for lack of subject matter jurisdiction). Judge Stetson did not, as Plaintiff contends, unilaterally determine his case, but rather authored a Report and Recommendation that the Court now considers. This objection is overruled.

ii. *Plaintiff's Complaint Implicates Defendant Port Arthur Police Department*

In his objections, Plaintiff argues that he never listed Port Arthur Police Department as a defendant, but rather Judge Hawthorn did so, presumably before 1:23-cv-342 was consolidated into this instant matter [Dkt. 21 at 2]. Plaintiff concedes, however, that "[Judge] Hawthorn wisely chose to consolidate," meaning any claims against Port Arthur Police Department in that case are

3

now currently before the Court under Civil Action No. 1:23-cv-341 [*Id.*]. Additionally, after reviewing the record, the Court finds Plaintiff references Port Arthur Police Department and implies they are part of the overall "fraud" against him perpetrated by the other defendants [Dkt. 2 at 15-16]. Accordingly, the magistrate judge did not err in addressing *pro se* Plaintiff's potential claims against the Port Arthur Police Department.

### iii. *Judge Stetson Did Not Make Erroneous Findings*

In her Report and Recommendation, Judge Stetson states Plaintiffs alleges that "the various defendants are working together to control his mind, invade his property, and generally harass him" [Dkt. 19 at 1]. Plaintiff takes objection to the idea that he thinks defendants are "working together to control his mind" [Dkt. 21 at 2]. Plaintiff asks the Court to "reconsider the designation of Magistrate Stetson to review and make entries that create a distorted record," citing for support a Supreme Court case called *John Curry v. Mark Lopez* without a proper citation [*Id.* at 2].[1] Plaintiff is not entitled to such relief, but "is entitled to a de novo review by the district court of the findings and conclusions." *Smith v. Ericsson Inc.*, No. 4:17-CV-178-ALM-KPJ, 2017 WL 2416369, at *3 (E.D. Tex. May 17, 2017), *R&R adopted*, No. 4:17-CV-178-ALM-KPJ, 2017 WL 2406781 (E.D. Tex. June 2, 2017).

After *de novo* review, the Court overrules Plaintiff's objection. In his complaint, Plaintiff focuses at length on the "[b]roadcasting radio waves" that are allegedly directed at his home and notes these waves "can create the condition of Havana Syndrome, characterized by vertigo and neurotruma" [*Id.* at 18]. Accordingly, Plaintiff acknowledges that Defendants' alleged actions are or can have an impact on his mind. To the extent that Plaintiff disagrees with Judge Stetson's

---

[1] The Court notes that any Supreme Court rulings on *Curry v. Lopez* appear to be irrelevant to Plaintiff's objection. *Curry v. Lopez*, 140 S. Ct. 104 (2019) (denying a motion to proceed IFP); *Curry v. Lopez*, 140 S. Ct. 493 (2019) (denying motion to reconsider denial of IFP status); *Curry v. Lopez*, 140 S. Ct. 859 (2020) (denying Petition for writ of certiorari to the United States Court of Appeals for the Seventh Circuit).

language on this topic, the Court notes that Plaintiff does not explain how this factual change impacts Judge Stetson's legal analysis.

### iv.  *Judge Stetson Properly Considered Defendant Zeitler's Filings*

Defendant Zeitler admits he has not been employed by the State of Texas since 1971 [Dkt. 9 at 1]. He is represented, however, by Reuben William Blum from the Office of the Attorney General of Texas. Plaintiff claims it is a "violation of law" for Judge Stetson to consider Defendant Zeitler's filings as government resources are being used to be a represent a private citizen, but Plaintiff fails to cite any legal authority [Dkt. 21 at 2-3]. Assuming *arguendo* that Mr. Blum's representation of Defendant Zeitler is somehow improper, the striking all of Defendant Zeitler's filing is not a proper remedy. *See, e.g.*, *Maersk Tankers MR K/S v. M/T Swift Winchester*, 655 F. Supp. 3d 554, 564 (S.D. Tex. 2023) (noting that even after opposing counsel was disqualified "there is simply no basis for striking all pleadings, and the fact that [the defendant] has not provided any legal support for this request demonstrates to me that it is not a serious one"). This objection is, therefore, overruled.

### v.  *Res Judicata may be Raised Sua Sponte*

Plaintiff objects to Judge Stetson's *sua sponte* invocation of *res judicata* [Dkt. 21 at 3]. Generally, *res judicata* must be pled as an affirmative defense. *See* FED. R. CIV. P. 8(c)(1). Two limited exceptions to this rule exist. The first exception permits "[d]ismissal by the court sua sponte on res judicata grounds ... in the interest of judicial economy where both actions were brought before the same court." *McIntyre*, 754 F. App'x at 264 (citing *Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269, 281 (5th Cir. 2001); *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980)). The second exception applies "where all of the relevant facts are contained in the record ... and all are uncontroverted." *McIntyre*, 754 F. App'x at 264 (citing *Am. Furniture Co. v. Int'l Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. 1981)). After review of the record, the Court finds Judge

Stetson's application of *res judicata* doctrine fits within the first exception, meaning it was proper for her to raise *sua sponte* the issue of *res judicata*.

      vi.    *Res Judicata Does Not Require a Hearing on the Merits*

Plaintiff claims Judge Stetson erred in applying *res judicata* because he was never afforded a hearing on the merits in his former case (1:16-cv-67) [Dkt. 21 at 3]. Plaintiff cites *Carver v. Atwood* to support his proposition, but that case does not address the issue of whether a hearing is required before the dismissal of case to be considered on the merits for *res judicata* purposes. *Carver v. Atwood*, 18 F.4th 494 (5th Cir. 2021) (holding a district court erred by *sua sponte* dismissing with prejudice a case on jurisdictional grounds without giving the plaintiff notice or an opportunity to amend her complaint).

*Res judicata* "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citing *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). *Res judicata* applies when "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.*; *McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 265 (5th Cir. 2018).

The court's dismissal of Plaintiffs claims with prejudice in his 2016 suit under 28 U.S.C. §1915(e)(2) was a "final judgment on the merits." Adopting Report and Recommendation, *Cooksey v. Cooksey, et al.*, No. 1:16-CV-67 (E.D. Tex. July 19, 2016) (Doc. #52); *Brooks v. Raymond Dugat Co. L C*, 336 F.3d 360, 362 (5th Cir. 2003) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 129–130 (5th Cir.1985)) ("A dismissal with prejudice is a final judgment on the merits."). The Court also notes that Plaintiff objected to Judge Giblin's Report and

Recommendation in the 2016 suit, meaning he had an opportunity to respond and did so, rendering *Carver v. Atwood* completely inapposite. This objection is overruled.

### vii. *Judge Stetson Did Not Need to Reach Plaintiff's RICO Claims*

Finally, Plaintiff objects to the fact that Judge Stetson did not address the merits of his RICO claims [Dkt. 21 at 2, 6]. After *de novo* review, the Court finds Plaintiff's argument to be without merit. Judge Stetson addressed Plaintiff's RICO claims against Defendant Zeitler and properly found Plaintiff failed to state a claim beyond conclusory allegations. It was, therefore, proper to grant Defendant Zeitler's Motion for Judgment on the Pleadings. Additionally, Judge Stetson correctly found that Plaintiff's RICO claims against any other defendant were barred as either *res judicata* or on jurisdictional grounds.

## II. Conclusion and Order

The Court has conducted a *de novo* review of Plaintiffs' objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, Plaintiffs' objections [Dkt. 21] are OVERRULED. The Report and Recommendation of the United States Magistrate Judge [Dkt. 19] is ADOPTED.

Plaintiff's claims against Defendants Port Arthur Police Department, Alda Vallestero Yana Seguir, Andrew Seguir, and Frederich Whitaker are DISMISSED as *res judicata*. Plaintiff's claims against Defendants John Bales and Defense Intelligence Agency are DIMISSED without prejudice for lack of standing. Defendant Zeitler's Motion for Judgment on the Pleadings [Dkt. 12] is GRANTED and Plaintiff's claims against him are DISMISSED with prejudice. Plaintiff's claims against Ralf Barbaso are DISMISSED for lack of subject matter jurisdiction. Plaintiff's request for leave to amend is DENIED. As all of Plaintiff's claims are DIMISSED, a final judgment of dismissal will be entered.

IT IS SO ORDERED.

**SIGNED this 18th day of March, 2024.**

Michael J. Truncale
United States District Judge