IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES ROY COOKSEY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No: 1:23-CV-341-MJT-CLS |
| | § | |
| PORT ARTHUR POLICE DEPARTMENT, et al., | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff James Ray Cooksey, proceeding *pro se*, filed this instant action [Dkt. 2] and another lawsuit (1:23-cv-342) against largely the same Defendants. In both suits, Plaintiff reasserts claims from a prior 2016 lawsuit (1:16-cv-67) alleging that the various defendants are working together to control his mind, invade his property, and generally harass him. Plaintiff's 2016 lawsuit was dismissed with prejudice under 28 U.S.C. §1915(e)(2) on July 19, 2016. Adopting Report and Recommendation, *Cooksey v. Cooksey, et al.*, No. 1:16-CV-67 (E.D. Tex. July 19, 2016) [Dkt. 52]. On November 14, 2023, the court consolidated 1:23-cv-342 into this case [Dkt. 8].

On February 12, 2024, Judge Stetson, having previously been assigned this case for pre-trial management issued a Report and Recommendation [Dkt. 19] with the following conclusions and recommendations: (1) Plaintiff's claims against Defendants Port Arthur Police Department, Alda Vallestero Yana Seguir, Andrew Seguir, and Frederich Whitaker should be dismissed as *res judicata*, (2) Plaintiff's claims against Defendants John Bales and Defense Intelligence Agency should be dismissed for lack of standing, (3) Defendant Zeitler's

Motion for Judgment on the Pleadings [Dkt. 12] should be granted, (4) Plaintiff's claims against Ralf Barbaso should be dismissed for lack of subject matter jurisdiction, and (5) Plaintiff's request for leave to amend should be denied.  Plaintiff filed timely objections [Dkt. 21] to the Report.  On March 18, 2024, after careful *de novo* review of Plaintiff's specific objections, this Court overruled the objections, adopted the Report and Recommendation and issued Final Judgment dismissing Plaintiff's claims.  [Dkts. 25, 27.]

Plaintiff has now filed has a Motion for Relief from Adoption of Magistrate's Recommendation [Dkt. 28].  This memorandum opinion and order considers such motion.

ANALYSIS

Rule 60(b), FED. R. CIV. P., provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Plaintiff's motion under Rule 60(b) is not a model of clarity.  The only discernable basis for asserting relief from the judgment is (3) fraud by the opposing party and (4) that the judgment entered herein is void and even those assertions are buried within nonsensical, conclusory statements.  He generally complains about the Magistrate Judge's recommendations and that she failed to allow for summary judgment briefing under Rule 56 rendering the judgment void.  As for his claims of fraud by the opposing party, he seems to assert that Defendant Zeitler was not entitled to be represented by the Office of the Attorney

General. He also complains about the result of his 2016 litigation, 1:16-cv-67, asserting that dismissal was inappropriate, that the Court's Pacer account was hacked, and that evidence was tampered with, and he complains about the immigration status of one of the named defendants. He also asserts that dismissal of claims against the Port Arthur Police Department was in error claiming he never sued that entity in consolidated case 1:23-cv-271. This assertion is belied by the record as the Complaint identifies Port Arthur Police Department as a defendant. *See*, 1:23-cv-271; [Dkt. 2 at 31].

The Court conducted a careful review of all grounds raised by Plaintiff in his motion, as well as his previous objections, and finds no meritorious ground warranting relief. Plaintiff has failed to show that his claims were not barred under *res judicata*, that the Magistrate Judge could not make that finding prior to the summary judgment stage, or that the Report and Recommendation and Order Adopting were in error. For the reasons set forth above in the Report and the Memorandum Opinion previously issued in this action, Plaintiff's claims should be dismissed, and Plaintiff's Motion for Relief under Rule 60(b) should be denied.

It is therefore,

ORDERED that Plaintiff's Motion For Relief [Dkt. 28] is DENIED.

**SIGNED this 10th day of July, 2024.**

                                        Michael J. Truncale
                                        United States District Judge